IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| BRYAN K. CHANDLER | ) | |
| ANGELA J. CHANDLER | ) | Case No.: 1:24-03142 (HWV) |
| **Debtor(s)** | ) | |
| | ) | Chapter 13 |
| CREDIT ACCEPTANCE CORPORATION | ) | |
| **Movant** | ) | Docket No. |
| | ) | |
| v. | ) | |
| | ) | 11 U.S.C. 362 |
| BRYAN K. CHANDLER | ) | |
| ANGELA J. CHANDLER | ) | |
| **Respondent(s)** | ) | |
| | ) | |
| JACK N. ZAHAROPOULOS | ) | |
| **Trustee** | ) | |
| | ) | |
| | ) | |

### STIPULATION IN LIEU OF TRIAL IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This matter having been brought before the Court on a Motion For Relief From The Automatic Stay by William E. Craig, Esquire, attorney for Credit Acceptance Corporation ("Credit Acceptance") and the Debtors having opposed such Motion through their counsel, Michael I. Assad, Esquire, and the parties having resolved said Motion as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

1. That Credit Acceptance is the holder of a first purchase money security interest in a 2013 GMC Terrain bearing vehicle identification number 2GKFLVEK6D6138815.

2. That the parties stipulate that the Debtors' account with Credit Acceptance has post-petition arrears through August 2025 in the amount of $2,993.31; that with the addition of counsel fees and costs for the instant Motion in the amount of $524.00, the total amount to be cured is $3,517.31.

3. That the Debtors are to cure the arrears set forth in paragraph two (2) above through their Chapter 13 Plan.

4. That by October 31, 2025, the Debtors shall file a Modified Chapter 13 Plan/Motion To Modify Plan consistent with the terms of this Stipulation or Credit Acceptance

may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

5. That commencing September 2025, if the Debtors fail to make any payment to Credit Acceptance within thirty (30) days of it falling due, Credit Acceptance may send, via electronic mail to Debtors' attorney and regular mail to the Debtors, written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

6. That the Debtors shall be entitled to cure one (1) default of the terms of this Stipulation following a notice of default sent under paragraph four (4) above. For any subsequent default, Credit Acceptance may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay. The Debtors may oppose said Certification Of Default only on the basis that payments were made prior to the Certification being filed, and by attaching to said Response proof of payments made.

7. That the parties agree that a facsimile signature shall be considered an original signature.

We hereby agree to the form and entry of this Order:


/s/ Michael I. Assad
Michael I. Assad, Esquire
Attorney for the Debtors


/s/ William E. Craig
William E. Craig, Esquire
Attorney for Credit Acceptance Corporation



/s/ Douglas R. Roeder
Douglas R. Roeder
For Jack N. Zaharopoulos
Chapter 13 Trustee